1  Edward D. Johnson (SBN 189475)
     wjohnson@mayerbrown.com
2  Rena Chng (SBN 209665)
     rchng@mayerbrown.com
3  Jason A. Wrubleski (SBN 251766)
     jwrubleski@mayerbrown.com
4  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
5  3000 El Camino Real
   Palo Alto, CA  94306-2112
6  Telephone:   (650) 331-2000
   Facsimile:    (650) 331-2060
7

8  Attorneys for Plaintiffs
   KONINKLIJKE PHILIPS ELECTRONICS N.V. and
9  U.S. PHILIPS CORPORATION

J S - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HD MEDIA, INC., HOP PHAM, EVON PHAM, and DOES 1-25,<br><br>Defendants. | CASE NO. CV-09-1381 RGK (CWx)<br><br>**[PROPOSED]** **JUDGMENT BY CONFESSION** |

**SUMMARY OF JUDGMENT**

| | |
|---|---|
| Judgment Creditors: | Koninklijke Philips Electronics N.V. |
| | U.S. Philips Corporation |
| Judgment Debtors: | HD Media, Inc. |
| | Hop Pham |
| | Evon Pham |
| Judgment Amount: | $406,215.64 |

**[PROPOSED] JUDGMENT**

This matter came before the Court on the presentation by plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") of a judgment granting monetary and equitable relief against defendants HD Media, Inc., Hop Pham, and Evon Pham (collectively, "Defendants"). The Judgment was presented pursuant to Rule 58 of the Federal Rules of Civil Procedure and is based on Defendants' Confession of Judgment, the original of which is filed concurrently herewith and a copy of which is attached as Exhibit A. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Philips asserts claims for relief under federal law.

Based on Defendants' Confession of Judgment, the Court enters judgment as follows:

1. Each party shall bear its own attorneys' fees and costs.

2. Plaintiff Philips is awarded judgment against all Defendants, jointly and severally, in the sum of $406,215.64 (Four Hundred Six Thousand Two Hundred Fifteen Dollars and Sixty-Four Cents) (the "Money Judgment"). Full payment in the amount of $406,215.64 shall be due within 30 days of this Judgment, after which the Money Judgment shall be fully enforceable. In any proceeding to enforce the Money Judgment, the Court may appoint a receiver to administer Defendants' assets and secure full payment to Philips of the Money Judgment.

3. Defendants, their employees, agents, servants, and any persons or entities in active concert or participation with any of them are permanently enjoined from making, using, offering for sale, selling in the United States, or importing into the United States, DVDs without an express license from Philips for the Patents-in-Suit to do so.

4. Robert Freedman may, at any time and without prior notice, inspect any and all areas of any facility used for the manufacture or sale of optical discs by Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them.

5. The Court hereby empowers all personnel, whether on active duty, off-duty, retired, or otherwise, of the Los Angeles Police Department, the Los Angeles County Sheriffs Department, the Baldwin Park Police Department, the San Gabriel Police Department, and the California Highway Patrol (collectively, "Law Enforcement Personnel"), with the authority to enforce Mr. Freedman's (or any expert designated pursuant to paragraph 11, below) right to inspect any and all areas of any facility used for the manufacture or sale of optical discs by Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, as provided in paragraph 4, above, and to take appropriate action in order to ensure full compliance with Mr. Freedman's right of inspection.

6. The Court hereby empowers Law Enforcement Personnel to notify Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, who has not received a copy of this Judgment from his or her attorney, of the pertinent contents of this Judgment via the following Notice:

"**NOTICE**

"In the case captioned *Koninklijke Philips Electronics, et al. v. HD Media, Inc., et al.*, Case No. CV-09-1381 RGK (CWx), the United

States District Court for the Central District of California has ordered that Defendants HD MEDIA, INC., HOP PHAM, EVON PHAM, and their agents, servants, employees, and *all individuals acting in concert with them* who receive a copy of this Notice, or by being informed of the contents of this "Notice," are hereby ENJOINED and restrained from impeding, harassing, or otherwise interfering with Robert Freedman's right to inspect any and all areas of any facility used for the manufacture or sale of optical discs by Defendants HD MEDIA, INC., HOP PHAM, EVON PHAM, their employees, agents, servants, or any persons or entities in active concert or participation with any of them.

"YOU ARE HEREBY DIRECTED TO CONFORM YOUR CONDUCT TO THE REQUIREMENTS OF THIS ORDER. IF YOU DO NOT, YOU MAY BE IMMEDIATELY ARRESTED. IF YOU DO NOT, YOU MAY ALSO HAVE TO PAY A CIVIL CONTEMPT FINE OF $10,000 PER DAY UNTIL YOU COMPLY WITH THIS ORDER."

7. Upon any inspection performed pursuant to paragraph 4, above, Mr. Freedman (or any expert designated pursuant to paragraph 11, below) will determine whether Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, are making, using, offering for sale, selling in the United States, or importing into the United States, DVDs without an express license from Philips for the Patents-in-Suit to do so.

8. A sworn declaration from Mr. Freedman (or any expert designated pursuant to paragraph 11, below) that Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, are making, using, offering for sale, selling in the United States, or importing into the United States, DVDs without an express license from Philips for the

Patents-in-Suit to do so, is sufficient to establish a *prima facie* case of infringement of the Patents-in-Suit and a violation of the permanent injunction in paragraph 3, above (the "Permanent Injunction") and to support an application for entry of a contempt order. Such declaration shall be sufficient to establish a *prima facie* case of infringement of the Patents-in-Suit and a violation of the Permanent Injunction if its content is substantially similar to the form:

> I, Robert Freedman [or any expert designated pursuant to paragraph 11, below], declare:
>
> I am a resident of the State of California. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.
>
> I am readily familiar with many brands of optical disc replication equipment. I have been retained by Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") in this action to provide analysis and testimony regarding the manufacture of DVDs by HD Media, Inc., Hop Pham, Evon Pham, their employees, agents, servants, or any persons or entities in active concert or participation with any of them.
>
> On [date], I entered the facility located at [address] in order to determine whether the facility was being used to manufacture DVDs, pursuant to the Judgment By Confession entered [date] in the case captioned *Koninklijke Philips Electronics, N.V., et al. v. HD Media, et al.*, C.D. Cal. case no. CV-09-1381 RGK (CWx).
>
> The facility located at [address] is being used by [HD Media, Hop Pham, Evon Pham, their employees, agents, servants, or any persons or entities in active concert or participation with any of them] to manufacture DVDs.

9. Upon receipt by Law Enforcement Personnel of (a) a declaration from Mr. Freedman (or any expert designated pursuant to paragraph 11, below)

-4-

substantially in the form provided in paragraph 8, above, and (b) actual notice from any employee of Philips Intellectual Property & Standards, that HD Media, Hop Pham, Evon Pham, their employees, agents, servants, or any persons or entities in active concert with them are not licensed by Philips to replicate DVDs, the Court empowers Law Enforcement Personnel to:

(i) deactivate all optical disc manufacturing machinery located at the facility subject to Mr. Freedman's (or any expert designated pursuant to paragraph 11, below) inspection;

(ii) remove all persons from said facility;

(iii) seal entrance to said facility pending the entry of a contempt order pursuant to paragraph 12, below; and

(iv) take appropriate action in order to ensure full compliance with the cessation of said facility's operation.

10. The Court hereby empowers Law Enforcement Personnel to notify Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, who has not received a copy of this Judgment from his or her attorney, of the pertinent contents of this Judgment via the following Notice:

"**NOTICE**

"In the case captioned *Koninklijke Philips Electronics, et al. v. HD Media, Inc., et al.*, Case No. CV-09-1381 RGK (CWx), the United States District Court for the Central District of California has ordered that Defendants HD MEDIA, INC., HOP PHAM, EVON PHAM, and their agents, servants, employees and *all individuals acting in concert with them* who receive actual notice of this Order by personal service, actual receipt of this Order, or by being informed of the contents of this "Notice," are hereby ENJOINED and restrained from impeding, harassing, or otherwise interfering with the duty of any personnel, on

active duty, off-duty, retired, or otherwise, of the Los Angeles Police Department, the Los Angeles County Sheriffs Department, the Baldwin Park Police Department, the San Gabriel Police Department, or the California Highway Patrol to immediately halt the operation and staffing of any facility used for the manufacture or sale of DVDs by Defendants HD MEDIA, INC., HOP PHAM, EVON PHAM, their employees, agents, servants, or any persons or entities in active concert or participation with any of them.

"YOU ARE HEREBY DIRECTED TO CONFORM YOUR CONDUCT TO THE REQUIREMENTS OF THIS ORDER. IF YOU DO NOT, YOU MAY BE IMMEDIATELY ARRESTED. IF YOU DO NOT, YOU MAY ALSO HAVE TO PAY A CIVIL CONTEMPT FINE OF $10,000 PER DAY UNTIL YOU COMPLY WITH THIS ORDER."

11. In the event that Mr. Freedman is unable or unwilling to perform an inspection of Defendants' facilities as described in paragraph 4, above, Philips may, in its sole discretion, select an expert of similar qualifications, the sufficiency of which will be assessed by Philips in its sole discretion, to perform such an inspection. Such expert may determine whether Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, are making, using, offering for sale, selling in the United States, or importing into the United States, DVDs without an express license from Philips for the Patents-in-Suit to do so. A sworn declaration from such expert that Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, are making, using, offering for sale, selling in the United States, or importing into the United States, DVDs without an express license from Philips for the Patents-in-Suit to do so, substantially similar to the form set out in paragraph 8, above, is sufficient to establish a *prima facie* case of infringement

of the Patents-in-Suit and a violation of the Permanent Injunction and to support an application for entry of a contempt order.  Philips is entitled to the entry of court mandates substantially in the form of paragraphs 5, 6, 9, and 10, above, with such modification necessary to empower Law Enforcement Personnel to enforce the right of entry of any expert, in lieu of Mr. Freedman, designated by Philips pursuant to the terms of this paragraph, and to enforce the authority of all such personnel to halt operations and staffing at any facility determined by any such expert to be in use by Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them to make, use, offer for sale, sell in the United States, or import into the United States, DVDs without an express license from Philips for the Patents-in-Suit to do so.

  12. Any violation of the Permanent Injunction shall be civil contempt, and in any contempt order to enforce the Permanent Injunction, the Court may impose sanctions including:

   (i) damages for patent infringement, trebled for willfulness;

   (ii) payment to Philips of all costs incurred in enforcing the Permanent Injunction and seeking entry of a contempt order;

   (iii) payment to Philips of all attorneys' fees incurred in enforcing the Permanent Injunction and seeking entry of a contempt order;

   (iv) an order directing Defendants to completely shut down any optical disc manufacturing operations entirely and immediately pending their demonstration that they are in full compliance with the Permanent Injunction, including the payment of all monetary sanctions;

   (v) payment to Philips of ten thousand dollars ($10,000) each day that Defendants, their employees, agents, servants, or any persons or entities in active concert or participation with any of them, continue to manufacture optical discs in violation of any

shut-down order issued pursuant to subparagraph (iv), above; and

    (vi)   the appointment by this Court of a receiver to administer Defendants' assets and secure payment to Philips of all monetary sanctions.

13.   Defendants shall be jointly and severally liable for any and all sanctions imposed under paragraph 12, above.

14.   Hop Pham and Evon Pham are each personally liable for the Money Judgment and for any and all sanctions imposed under paragraph 12, above.

15.   The Court finds that Philips has not granted Defendants a license to replicate DVDs under the Patents-in-Suit, and that nothing in this Judgment shall be construed to grant Defendants a license to replicate DVDs under the Patents-in-Suit, express, implied, or otherwise.

16.   This Court shall retain jurisdiction to enforce the terms of the Permanent Injunction, the Money Judgment, and all other provisions of such judgment.

17.   Except as provided in Paragraph 2 above, this Judgment is effective and fully enforceable immediately upon any person with notice of this Judgment.

DATED this 3rd day of June, 2009.

_____
United States District Judge

Presented By:    MAYER BROWN LLP

By:  _____
      Edward D. Johnson

Attorneys for Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation